TRAVELERS BANK & TRUST CO. ET AL. v.
LILLIAN E. FURLONG ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 74912

Memorandum filed July 12, 1946.

*Day, Berry & Howard,* of Hartford, and *Robinson, Robinson & Cole,* of Hartford, for the Plaintiff.

*Shipman & Goodwin,* of Hartford, for the Defendant.

COMLEY, J. This is a suit for the construction of the sixteenth paragraph of the will of Frank P. Furlong which reads as follows:

"I give and bequeath to The Travelers Bank and Trust Company, of Hartford, Connecticut, the sum of Twenty-Five Thousand ($25,000.00) Dollars, to be held in trust for the benefit of Lillian E. Furlong, of Hartford, Connecticut, the sum of One Thousand Two Hundred and Fifty ($1,250.00) Dollars to be paid to her from the principal of this fund and the income accruing therefrom, in semi-annual instalments from the date of my death, until this fund is exhausted, any payments that may become due as specified herein during the period of the settlement of my estate to be paid to her by my executors, deduction for any such payments by the executors to be made from the principal of this bequest on the settlement of my estate at the time the bequest is turned over to the trustee. These payments to be made to her are for her sole care, comfort and support, free from the claims of creditors and without right of anticipation or assignment. In event of her death before the exhaustion of this fund any balance remaining shall pass to my residuary legatees as provided in Paragraph 20, below."

Lillian E. Furlong married the testator in 1901 at Hartford, Connecticut. They were divorced in Paris, France, in 1926.

The plaintiffs, as executors of the will, seek advice as to whether Lillian E. Furlong is entitled to receive the sum of $625 at the end of each six months after the testator's death or whether she is entitled to receive the sum of $1250 at the end of each such period.

Webster's New International Dictionary (2d Ed.), defines an instalment as "A portion of a debt or sum of money which is divided into portions that are made payable at different times." If the only sum of money mentioned in Paragraph 16 were $1250 and if that was to be paid in semiannual instalments, it would follow that amount to be paid at the end of each six months would be $625. However at the beginning of the paragraph the whole amount of the fund is fixed at $25,-000. She is to receive this in partial payments until the fund is exhausted. The partial payments are then fixed at $1250 "to be paid ... in semi-annual instalments." While the language is puzzling it seems to me that the testator meant thereby to say that the larger sum of $25,000 was to be paid out in instalments of $1250 each and that these instalments were payable semiannually. Having fixed the whole amount and then having fixed the amount of the partial payments, there was no occasion for him to make any further subdivision. All that remained was to designate the time when each payment was to be made and this he did by the phrase "in semi-annual instalments."

This construction derives support from the surrounding circumstances. It is apparent from the terms of the will that the estate is a substantial one and that the testator was not likely to regard the sum of $1250 per year as adequate for support. Furthermore, it is evident that he contemplated the ultimate exhaustion of the fund as a distinct possibility. The parties were married in 1901 and while their ages do not appear in the record, it is clear that the testator and the beneficiary must have been well past middle age when he executed the will in 1943 which was two years before his death. Considering the income which will be earned on the fund, it would not exhaust itself for more than twenty years if the payments were intended to be only $1250 per annum. It would seem more likely that the testator contemplated a more rapid consumption of the fund.

It is, therefore, held that the defendant, Lillian E. Furlong, is entitled to receive the sum of $1250 at the end of each six months after the date of the death of the testator.

If counsel will join in submitting a schedule of allowances for fees and expenses, the court will take it under consideration; otherwise a hearing will be necessary.